IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-9291 |
| B.D. McCLURE & ASSOCIATES, LTD., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, First Specialty Insurance Corporation, by its undersigned attorneys, hereby complains of Defendant B.D. McClure & Associates, Ltd. ("McClure"), as follows:

### PARTIES

1. Plaintiff First Specialty Insurance Corporation is a corporation incorporated under the laws of Missouri with its principal place of business located in Kansas.

2. Defendant McClure is a corporation incorporated under the laws of Illinois with its principal place of business located in Lisle, Illinois.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332 as set forth in paragraphs 1-2.

4. The matter in controversy herein exceeds $75,000 exclusive of interest and costs.

5. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to First Specialty's obligation, if any, to defend and indemnify McClure in the *AGLIC* Lawsuit (as defined below) under a policy of professional liability insurance.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) because McClure resides in this district. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF CLAIM

**A. The First Specialty Policy**

7. First Specialty issued Insurance Agents and Brokers Professional Liability Policy No. FED4IL010856900 to the Named Insured B.D. McClure & Associates, Ltd. for the period of August 17, 2014 to August 17, 2015 ("the Policy"). A copy of the Policy is attached as Exhibit A.

8. The Policy is a claims-made policy with a Retroactive Date of July 18, 2011, as stated in the Policy's Declarations.

9. Section I. of the Policy, titled Coverage, provides "subject to all the exclusions, conditions and other requirements of this POLICY" First Specialty agrees as follows:

> A. We will pay on behalf of the INSURED all sums in excess of the DEDUCTIBLE that the INSURED becomes legally obligated to pay as DAMAGES caused by WRONGFUL ACTS resulting in any CLAIM first made against the INSURED during the POLICY PERIOD and reported in writing as soon as practicable but no later than thirty (30) days after the termination of the POLICY PERIOD.
>
> B. In order to be covered by this POLICY, a CLAIM must seek DAMAGES arising from a WRONGFUL ACT committed either by the INSURED, or by a person for whose WRONGFUL ACTS the INSURED is legally liable, and such WRONGFUL ACT must take place:
>
> 1. during the POLICY PERIOD; or
>
> 2. prior to the POLICY PERIOD but on or after the RETROACTIVE DATE.

10. Section IV., Definitions and Explanations of Terms, provides definitions of the relevant terms below:

> D. **DAMAGES.** DAMAGES means monetary amounts for which an INSURED is held legally liable but does not include:

\* \* \* \*

3. DAMAGES arising out of breach of any contract, including but not limited to any amount specified in a contract as liquidated DAMAGES;

\* \* \* \*

P. **RETROACTIVE DATE.** RETROACTIVE DATE means the date, as specified in the Declarations or in any endorsement attached hereto, on or after which any WRONGFUL ACT, as defined in the POLICY, must have occurred in order for CLAIMS arising therefrom to be covered under this POLICY;

\* \* \* \*

S. **WRONGFUL ACT.** WRONGFUL ACT means any negligent act, error, or omission of any INSURED or any person for whose acts the INSURED is legally liable in rendering PROFESSIONAL SERVICES or OTHER RELATED SERVICES for others.

11. Section V. of the Policy, titled Exclusions, states in part as follows:

This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:

\* \* \* \*

F. **CONTRACTUAL LIABILITY.** Any liability assumed by the INSURED under contract, unless the INSURED would have been legally liable in the absence of such contract.

\* \* \* \*

V. **THIRD-PARTY ADMINISTRATOR.** Third-party administrator activities, whether the INSURED performs such activities for a fee or no fee.

**B.** **The *AGLIC* Lawsuit**

12. During the relevant time period, McClure was, and currently is, an insurance brokerage in Illinois.

13. At the relevant time, American Guarantee Liability Insurance Company ("AGLIC") was an insurer that is part of the Zurich family of insurance companies.

3

14. McClure produced business for Zurich insurance companies by facilitating McClure's clients to bind insurance policies written by Zurich insurers, such as AGLIC.

15. On June 19, 2015 AGLIC filed a complaint against McClure in the Circuit Court of Cook County, Illinois, case No. 2015-L-006301 (the "*AGLIC* Lawsuit"). A copy of the complaint is attached as Exhibit B.

16. The complaint alleges that McClure entered into a "Producer Agreement" with AGLIC where McClure would be paid a commission for policies produced for AGLIC. (Ex. B ¶ 22.) AGLIC alleges the Producer Agreement also set forth various responsibilities McClure must satisfy to comply with the Producer Agreement. (*Id.* ¶ 23-24.)

17. Specifically, the Producer Agreement provided:

> You [MCCLURE] will immediately (generally within 48 hours) forward written notice to us of all claims, suits or proceedings of any nature of which you receive notice and which involve us or our policyholder or our insured. You agree to cooperate with us in the investigation and adjustment of all such claims, suits or proceedings.

(*Id.* ¶ 24.)

18. The complaint alleges that McClure was the producer for an AGLIC liability policy issued to Mr. Bult's Inc. and MBI Holdings, Inc. (collectively, "Mr. Bult's") for the policy period of November 1, 2007 through November 1, 2008. (*Id.* ¶¶ 3-4.)

19. AGLIC alleges that on October 1, 2008, an incident involving claimant Nathan Orlando occurred, which involved a Mr. Bult's truck striking Orlando, and ultimately gave rise to a suit by Orlando against Mr. Bult's. (*Id.* ¶¶ 5-7.)

20. The complaint alleges McClure learned of this incident in October 2008. (*Id.* ¶¶ 8-9.)

4

21. AGLIC alleges that McClure sent a letter to Orlando's attorney dated August 20, 2009, before any suit had been filed, identifying McClure as "the claims administrator for MBI, Inc." (*Id.* ¶ 10.)

22. On May 10, 2010 Orlando filed suit against Mr. Bult's in the Circuit Court of Newton County, Indiana. (*Id.* ¶ 5.)

23. The complaint alleges McClure retained defense counsel for Mr. Bult's on or around May 24, 2010. (*Id.* ¶ 12.)

24. AGLIC alleges McClure was aware of the suit against Mr. Bult's no later than May 2010 and therefore breached McClure's contract with AGLIC for failing to "immediately . . . forward written notice" of the Mr. Bult's suit. (*Id.* ¶¶ 13, 25, 30-33.)

25. AGLIC alleges due to McClure's breach, it became responsible for indemnity payments after Orlando obtained a judgment of $650,000 against Mr. Bult's and that verdict was upheld on appeal. (*Id.* ¶¶ 15, 19, 34-37.)

26. AGLIC seeks the $483,651.39 it allegedly paid in indemnity payments to Orlando, as well as attorneys' fees and litigation costs expended in the *AGLIC* Lawsuit pursuant to the Producer Agreement. (*Id.* ¶¶ 34-37.)

27. The *AGLIC* Lawsuit is a "breach of contract action" that seeks damages caused by McClure's alleged breach of contract. (*Id.* ¶¶ 34-37.)

28. McClure's breach of contract occurred in May 2010, more than a year prior to the Retroactive Date in the Policy.

29. McClure was performing "claims administrator" duties that are third-party administrator activities at the time it allegedly breached its contract with AGLIC.

30. No theories other than breach of contract are alleged in the *AGLIC* Lawsuit.

31. In the absence of a contract, McClure would not owe any duty to AGLIC to report the Orlando claim against Mr. Bult's.

32. McClure provided notice of the *AGLIC* Lawsuit to First Specialty and requested that First Specialty defend and indemnify it pursuant to the Policy.

33. In a letter dated August 20, 2015, First Specialty denied that it had a duty to defend or indemnify McClure in the *AGLIC* Lawsuit. First Specialty also reserved its right to assert additional coverage defenses.

34. First Specialty brings this lawsuit to obtain a judicial declaration of the parties' rights and obligation under the Policy with respect to the *AGLIC* Lawsuit.

## CAUSE OF ACTION
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

35. First Specialty incorporates and re-alleges the allegations in paragraphs 1-34 as if fully set forth herein.

36. First Specialty seeks a judgment declaring that First Specialty owes no obligation under the Policy to (i) provide McClure with a defense in the *AGLIC* Lawsuit or (ii) indemnify McClure for damages, settlements or judgments arising out of the *AGLIC* Lawsuit.

37. Specifically, First Specialty seeks a declaration that no coverage exists for the following reasons:

    (a) the alleged acts the complaint seeks damages for occurred prior to the Retroactive Date of the Policy;

    (b) the complaint seeks damages that are not within the definition of "Damages" as that term is defined in the Policy;

    (c) the complaint does not allege a "Wrongful Act" as that term is defined in the Policy;

      (d)    various exclusions in the Policy exclude coverage, including but not limited to the exclusions for:

            i.    any liability assumed by the INSURED under contract, unless the INSURED would have been legally liable in the absence of such contract;

            ii.    third-party administrator activities, whether the INSURED performs such activities for a fee or no fee.

38. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between First Specialty and McClure concerning whether the Policy requires First Specialty to defend and indemnify McClure in the *AGLIC* Lawsuit.

## DEMAND FOR JUDGMENT

WHEREFORE, First Specialty respectfully requests that the Court enter a judgment (i) declaring that First Specialty has no obligation under the Policy to provide McClure with a defense in the *AGLIC* Lawsuit, (ii) declaring that First Specialty has no obligation under the Policy to indemnify McClure for damages, settlements or judgments arising out of the *AGLIC* Lawsuit, (iii) awarding First Specialty its costs incurred herein, and (iv) providing First Specialty such other and further relief as the Court deems appropriate and just.

                                        Respectfully submitted,

                                        By: /s/ Robert P. Conlon

Robert P. Conlon (ARDC 6190473)
Scott T. Stirling (ARDC 6307097)
Walker Wilcox Matousek LLP
1 North Franklin Street, Suite 3200
Chicago, IL 60606
(312) 244-6700
rconlon@wwmlawyers.com
sstirling@wwmlawyers.com

Attorneys for First Specialty Insurance Corporation